BUD CURLEE v. THE STATE.

No. 3644. Decided April 29, 1908.

**1.—Carrying Pistol—Charge of Court—Imminent Danger.**

Where upon trial for unlawfully carrying a pistol there was some testimony to sustain the defense that defendant was seriously threatened, etc., but the State's testimony showed that he was not legally justified in carrying a pistol, and the court's charge on imminent and threatening danger followed almost literally the language of the statute, there was no error; although defendant claimed he could not have resorted to legal process against the alleged attack.

**2.—Same—Sufficiency of Evidence.**

Where upon trial for unlawfully carrying a pistol the testimony supports the verdict of conviction, the same will not be disturbed on appeal.

Appeal from the County Court of Robertson. Tried below before the Hon. J. W. Woods.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. E. Bishop,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was convicted in the County Court of Robertson County on a charge of unlawfully carrying a pistol. The case came to trial on the 25th day of May, 1907, and resulted in a verdict of guilty and a fine of $100.

It was shown beyond doubt, nor was it seriously disputed, that appellant had the pistol and was carrying same. His defense was that his life had been seriously threatened by one C. W. Kinard and that the danger to his life was so imminent and threatening that he had no time in which to have the said Kinard arrested upon legal process and that he was justified in carrying a pistol under the exception contained in the statute. There was some testimony tending to sustain his defense. On the other hand it was the claim and contention of the State that there was no danger from Kinard and that appellant was the aggressor in

the controversy and difficulty with Kinard, and that he was not justified under the exception, in carrying a pistol; and there was evidence by the State to support this contention. In this state of the case, the court charged the jury as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant had on his person a pistol as charged, but you should further believe from the evidence that at the time he so had said pistol, that the defendant had reasonable ground for fearing an unlawful attack upon his person and you further believe the danger was so imminent and threatening as not to permit of the arrest of the person about to make such attack, upon legal process, then he would not be guilty, and you should so find. It is for you to determine from the evidence whether the danger was so imminent and threatening as not to admit of the arrest of the party about to make such attack upon legal process." The statute provides as a defense against the charge of unlawfully carrying arms, the following exception: "Nor to one who has reasonable ground for fearing an unlawful attack upon his person, and the danger is so imminent and threatening as not to admit of the arrest of the party about to make such attack upon legal process." The paragraph of the charge above quoted is attacked and same is claimed to be erroneous in that, as urged by appellant, there was no legal process known to the law to which the defendant could have resorted for protection against an unlawful attack. The charge of the court follows almost literally the language of the statute and was, we think, sufficient, and we hold that same is not subject to any fair criticism or complaint.

2. The only other question arising in the record is that the verdict of the jury is not supported by the evidence in that same shows beyond doubt or cavil that the danger was so threatening and imminent as to justify appellant in carrying arms. The testimony on this issue is conflicting. Not only is the verdict supported by the evidence but our examination has led us to conclude that the weight of the testimony supports the verdict of the jury. In such case it is clear that we could and should not interfere.

The judgment of the court below is affirmed.

*Affirmed.*

Brooks, Judge, absent.